CHARLES GULDER, DEFENDANT IN ERROR, v. PENNSYL-
VANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted July 3, 1903—Decided November 9, 1903.

The duty of one crossing the tracks of a railroad company is to use both his eyes and ears for his own protection, and if by reason of obstructions he is unable to see an approaching train, he should listen for the purpose of detecting it, and in an action for personal injury it appeared, beyond question, plaintiff could have heard the approach of the train, had he listened, a nonsuit should be granted.

On error to the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff in error, *James B. Vredenburgh.*

For the defendant in error, *William J. Kearns.*

PER CURIAM.

This was an action for personal injury. The plaintiff, while crossing the track of the Centre street branch of the defendant company, at midday, was run down by one of its trains. His story was that his view in the direction from which the train was approaching was so interfered with by buildings and other obstructions that he was not able to see the train until he was actually on the track, and that after he had stepped upon the track he was unable to pass across it, or to retreat, before being run down by the engine. A reading of the testimony satisfies us that there was nothing to prevent the plaintiff from observing the approach of the train which struck him, while at a sufficient distance from the tracks to be in a position of perfect safety. But even if the fact had been otherwise, and the plaintiff's view had been totally obstructed, as he says, still the testimony makes it manifest that his own gross negligence contributed to the injury of which he complained. His duty was to use both his eyes and his ears for his own protection. His inability to see made it the more necessary that he should listen for the purpose of detecting the approach of the train. That he would have heard its approach, had he done so, is beyond question. One of his own witnesses, who was walking along the street only a few feet behind the plaintiff, testified that he heard the train approaching when it was some distance away, and that he did not call the attention of the plaintiff to it because, to quote his own language, "I thought he would have sense enough to look out for himself."

The defendant was entitled to a nonsuit at the close of the plaintiff's case. The refusal of the trial judge to direct it was error.

The judgment under review should be reversed.